# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 24-79** (McDowell County CC-27-2021-F-121)

**Harry Lee Steele,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Harry Lee Steele appeals his conviction and sentence for first-degree arson as set forth in the Circuit Court of McDowell County's January 11, 2024, sentencing order.[1] The petitioner asserts the circuit court erred in denying his motion to suppress his confession and that the evidence at trial was insufficient to support his conviction. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In March 2021, first responders responded to a 9-1-1 call from Jamie Christian regarding a fire at the residence of Charlie Carter. During the 9-1-1 call, Ms. Christian reported that a mattress on Mr. Carter's front porch was on fire and that the petitioner set the fire. The following day, the petitioner voluntarily turned himself in and confessed to setting the fire, citing reasons of personal animosity. The McDowell County Grand Jury returned an indictment against the petitioner in October 2021, charging him with a single count of first-degree arson.[2]

In June 2023, the petitioner filed a motion to suppress his statement to law enforcement, and the circuit court held a hearing on the matter on June 14, 2023. Deputy Dalton Martin of the McDowell County Sheriff's Office testified that on the day following the fire at Mr. Carter's residence, he received a call advising that the petitioner desired to turn himself in. Deputy Martin proceeded to the petitioner's residence, and the petitioner willingly surrendered. According to Deputy Martin, he informed the petitioner of his *Miranda* rights once they arrived at the police station, and the petitioner waived them. Deputy Martin further testified that the petitioner gave a statement in which he admitted to setting fire to the mattress on Mr. Carter's porch and requested

---

[1] The petitioner appears by counsel Floyd A. Anderson, and the respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Sandra M. Walls. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See* W. Va. Code § 61-3-1.

that Deputy Martin author a written statement memorializing his confession, which the petitioner signed. Deputy Martin stated that he recorded only part of the interview because his bodycam needed to charge. The recording showed that he read the written statement back to the petitioner, confirmed it was accurate, and the petitioner signed the statement. The *Miranda* waiver form, the written statement, and the bodycam footage were entered into evidence. At the conclusion of Deputy Martin's testimony, the petitioner argued that his motion to suppress should be granted because "the only part of the interview that was actually recorded was the [petitioner] saying, 'Uh-huh,' 'Uh-huh,' to all the questions that the officer was making" and that he was under the influence.[3]

The circuit court denied the motion, noting that the timeline provided by Deputy Martin matched the timestamps on the bodycam footage; that the recorded portion of the interview showed the petitioner affirming that it was his statement and signing the statement; and that the signatures on the waiver form and the petitioner's statement matched. The court also found that while "it would have been better if this process could have been videoed from the very beginning, when he was reading his rights to him, . . . that's not a requirement." Lastly, the court concluded that the petitioner gave his statement voluntarily and under no duress.

The petitioner's jury trial commenced on October 10, 2023. The State presented the testimony of former Assistant State Fire Marshal Justin England; Director of the McDowell County 9-1-1 Center Robert Bowman; volunteer firefighter Heather Johnson; Deputy Martin; and Ms. Christian. Mr. England testified that he was tasked with the responsibility of investigating the fire at Mr. Carter's residence and that he determined the fire had originated at the mattress on the front porch. After reviewing the data collected, including the 9-1-1 call and the petitioner's confession, Mr. England determined that the fire was an incendiary act of arson perpetrated by the petitioner. Mr. Bowman testified to the processes of collecting, storing, and providing 9-1-1 calls to requesting parties, and the recorded 9-1-1 call placed by Ms. Christian was published for the jury. Ms. Johnson testified that she lived near Mr. Carter's residence and that she saw the home fully engulfed in flames. Due to her training, Ms. Johnson identified the porch as the origin of the fire. Ms. Johnson also provided investigators with security footage from her home. The footage, which was published for the jury, depicted an individual walking towards Mr. Carter's residence and, a few minutes later, walking back towards Ms. Johnson's residence. Ms. Johnson was unable to identify the person walking in the footage but stated that the footage was recorded during the relevant timeframe. Deputy Martin testified that the petitioner confessed to setting the fire, and the petitioner's *Miranda* waiver form and his written and recorded confession were entered into evidence. Lastly, Ms. Christian testified that she was driving by Mr. Carter's house when she noticed that a mattress on his porch was on fire. She then witnessed the petitioner jump over a fence around the yard, forcing her to swerve to miss hitting him with her car. Ms. Christian stated that she had known the petitioner around a year at that point and was "100 percent sure" she saw him at the scene. Ms. Christian was also asked to view the security footage from Ms. Johnson's home, and she identified the petitioner as the individual in the footage. On cross-examination, Ms. Christian clarified that she did not see the petitioner set the fire, but she saw him at the scene after the fire was burning.

---

[3] While the petitioner argued below that he was intoxicated at the time he gave his statement, he has not raised that argument on appeal.

Following the State's presentation of evidence, the petitioner moved for a judgment of acquittal, which the circuit court denied. The petitioner presented no witnesses in his defense, and, after deliberation, the jury found the petitioner guilty of one count of first-degree arson. The petitioner filed post-verdict motions for a judgment of acquittal and a new trial, which the court denied. By order entered on January 11, 2024, the circuit court sentenced the petitioner to twenty years in prison for his conviction of first-degree arson. The petitioner now appeals.

The petitioner first assigns as error the circuit court's denial of his motion to suppress his confession to Deputy Martin. The petitioner's arguments are unclear; however, the thrust of his claim is that the voluntariness of his confession cannot be proven because his statement was not recorded, particularly given that Deputy Martin wrote the petitioner's statement for him.[4]

"We apply an abuse of discretion standard of review to a circuit court's decision on the admissibility of a confession." *State v. Campbell*, 246 W. Va. 230, 237, 868 S.E.2d 444, 451 (2022). However, we apply a de novo review when determining whether "'a particular confession is voluntary and whether the lower court applied the correct legal standard in making its determination,'" limiting our deference to factual findings. *Id.* at 237, 868 S.E.2d at 451 (quoting Syl. Pt. 2, in part, *State v. Farley*, 192 W. Va. 247, 452 S.E.2d 50 (1994)). We have held that when the State intends to use a defendant's prior inculpatory statement against him at trial, "[t]he burden is on the State to prove by a preponderance of the evidence that [the] extrajudicial inculpatory statements were made voluntarily before the statements can be admitted into evidence against one charged with or suspected of the commission of a crime." *Bradshaw*, 193 W. Va. at 523, 457 S.E.2d at 460, Syl. Pt. 1. A court's inquiry into the voluntariness of a confession "must be gauged by the totality of the circumstances under which it was given . . . ." *State v. Persinger*, 169 W. Va. 121, 129, 286 S.E.2d 261, 267 (1982).

Here, the circuit court considered the evidence presented at the suppression hearing and found that the petitioner did not appear intoxicated; that his signatures on both the *Miranda* waiver form and the written statement matched; and that the petitioner affirmed the accuracy of the statement as observed in the recorded portion of the interview—all of which led the court to conclude that the petitioner's confession was voluntary and not made under duress. While the petitioner argues that the voluntariness of his confession cannot be proven because his initial statement to Deputy Martin was not recorded, we have previously declined to "establish an absolute rule requiring such recording," noting that "requiring police agencies to record

---

[4] The petitioner briefly states that his Fifth Amendment rights against self-incrimination were violated. This Court has previously acknowledged that "[t]he question of the voluntariness of a waiver of *Miranda* rights is separate and differs from the determination of the voluntariness of a confession." *State v. Bradshaw*, 193 W. Va. 519, 534, 457 S.E.2d 456, 471 (1995) (quoting *Smith v. Duckworth*, 856 F.2d 909, 911 (7th Cir. 1988)). However, "'[c]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of *Miranda* are rare[.]'" *State v. M.W.*, 250 W. Va. 707, 718 n.32, 908 S.E.2d 444, 455 n.32 (2024) (quoting *Dickerson v. United States*, 530 U.S. 428, 444 (2000) (quoting in turn *Berkemer v. McCarty*, 468 U.S. 420, 433 n.20 (1984)). The petitioner did not appear to raise issue with his *Miranda* waiver before the circuit court below, and he fails to demonstrate that his confession was involuntary.

3

interrogations is impractical and does not offer any greater safeguards for protecting the accused's rights than would be afforded by writing the statements affords." *State v. Kilmer*, 190 W. Va. 617, 628-29, 439 S.E.2d 881, 892-93 (1993). Further, to the extent that petitioner claims the voluntariness of his statement cannot be proven because Deputy Martin drafted it on his behalf, we have previously held that

> [a] confession or statement made by a suspect is admissible if it is freely and voluntarily made despite the fact that it is written by an arresting officer if the confession or statement is read, translated (if necessary), signed by the accused and admitted by him to be correct.

Syl. Pt. 2, *State v. Nicholson*, 174 W. Va. 573, 328 S.E.2d 180 (1985). As noted above, the petitioner directed Deputy Martin to draft his written confession; Deputy Martin did so and read the statement back to him; and the petitioner affirmed that the statement was accurate and signed it, which was recorded via bodycam. Accordingly, having reviewed the record on appeal, we concur with the trial court's conclusion that the statement given by the petitioner was voluntary, and we find no error in the circuit court's decision to deny the petitioner's motion to suppress.

In the petitioner's second assignment of error, he argues that the evidence presented at trial was insufficient to support his conviction for first-degree arson. The petitioner points out that no witnesses saw the petitioner set the fire and that there was no physical evidence to show that he had set the fire, noting that Mr. England did not test the scene for accelerants; that Ms. Johnson could not identify the individual in her security footage; and that Ms. Christian admitted that she had not seen the petitioner set the fire.

Challenging the sufficiency of the evidence to support a conviction is a heavy burden. Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). This Court reviews "all the evidence . . . in the light most favorable to the prosecution" and credits "all inferences and credibility assessments that the jury might have drawn in favor of the prosecution." *Id.* We will set aside a verdict "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Id.* In sum, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *Id.*, 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 1, in part. Regarding the petitioner's conviction for first-degree arson, West Virginia Code § 61-3-1 provides that

> [a]ny person who willfully and maliciously sets fire to or burns, or who causes to be burned, or who aids, counsels, procures, persuades, incites, entices or solicits any person to burn, any dwelling, whether occupied, unoccupied or vacant, or any outbuilding, whether the property of himself or herself or of another, shall be guilty of arson in the first degree . . . .

Upon our review, we conclude that the petitioner has not met his burden of establishing that the evidence was insufficient to support his conviction. Mr. England's testimony established that the fire was an incendiary act of arson, and both he and Ms. Johnson, a firefighter, indicated that the fire had originated on the front porch of Mr. Carter's residence before spreading to the rest

4

of the home. Further, Ms. Christian observed the petitioner at the scene while the residence was burning. Critically, Deputy Martin testified regarding the petitioner's confession, and the jury considered the petitioner's written and recorded statements in which he admitted to setting fire to a mattress on Mr. Carter's porch, citing reasons of personal animosity. Given the foregoing, we conclude that sufficient evidence was presented for the jury to find that the petitioner willfully and maliciously set fire to Mr. Carter's residence. As such, we find no merit to the petitioner's claims that the State failed to present sufficient evidence to support a conviction of first-degree arson.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 21, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III